**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brad Hall & Associates Incorporated, | No. CV-22-00155-TUC-RM |
| Plaintiff, | **DEFAULT JUDGMENT** |
| v. | |
| Mohamed Elkotb, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Brad Hall & Associates ("BHA") Inc.'s Motion for Default Judgment Against Defendants Mohamed Elkotb ("Elkotb") and Tucson Chevron Gas, LLC ("Tucson Chevron"). (Doc. 16.) For the following reasons, the Motion will be granted.

## I.   Background

Plaintiff filed its Complaint on March 31, 2022. (Doc. 1.) Plaintiff avers that Defendant Tucson Chevron entered into a Dealer Agreement (Doc. 16-1 at 8-19) with Plaintiff,[1] effective September 26, 2017, pursuant to which Plaintiff became Tucson Chevron's exclusive Chevron-branded fuel supplier for Tucson Chevron's gas station located at 1570 W. Grant Rd., Tucson, AZ, 85745. (Doc. 1 at 1; Doc. 16 at 2.) Defendant

---

[1] Tucson Chevron entered into the Dealer Agreement with Senergy Petroleum LLC, and Senergy Petroleum LLC subsequently assigned its rights and obligations under the Dealer Agreement to BHA. (Doc. 16-1 at 3, 9-11, 21-23.)

Elkotb entered into a personal guaranty for money owed to Plaintiff by Tucson Chevron and is therefore jointly and severally liable with Tucson Chevron. (Doc. 1 at 2; Doc. 16 at 2; Doc. 16-1 at 14.) Upon Tucson Chevron's termination of the Dealer Agreement on January 28, 2022,[2] Defendants became responsible for paying Plaintiff money due under the Dealer Agreement. (Doc. 1 at 4-5; Doc. 16 at 3-4; Doc. 16-1 at 9-19.) Plaintiff avers that Defendants owe it $248,918.97 in connection with the Dealer Agreement, and for its attorney's fees and costs in this action, and that Defendants have failed to pay these amounts. (Doc. 1 at 5, 7; Doc. 16 at 4-7.) These amounts are comprised of:

(1) $15,141.78 for products that Tucson Chevron purchased from BHA, and other related fees and chargebacks. (Doc. 16-1 at 4, 38-39.)

(2) $11,865.00 for the cost to remove all signs and imaging materials from Tucson Chevron's gas station on Grant Road. (Doc. 16-1 at 4, 38-42.)

(3) $170,000 for unamortized cash incentives Plaintiff paid to Tucson Chevron. (Doc. 16-1 at 5, 43-50.)

(4) $25,000 for a conversion default payment. (Doc. 16-1 at 5-6, 8-19.)

(5) $11,177.50 for Plaintiff's attorneys' fees. (Doc. 16-1 at 6, 8-19, 54-60.)

(6) $519.94 for collection expenses and court costs. (Doc. 16-1 at 6, 61-62.)

(7) $15,214.75 for prejudgment interest at the rate of one and a half percent per month. (Doc. 16-1 at 6-7, 8-19, 63-65.)[3]

Service of process upon Defendants was completed via process server on April 28, 2022. (Docs. 12, 13.) Defendants had until May 18, 2022 to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendants have not filed a notice of appearance, nor have they answered or otherwise responded to Plaintiff's Complaint. On June 14, 2022, the Clerk of Court entered default as to defendants Elkotb and Tucson Chevron.

---

[2] On that date, Plaintiff notified Tucson Chevron that it consented to Tucson Chevron's termination of the Dealer Agreement and also notified Tucson Chevron that it was willing and able to continue providing Chevron products to Tucson Chevron pursuant to the Dealer Agreement. (Doc. 16-1 at 5 n. 3.)

[3] Plaintiff also seeks recovery of post-judgment interest at the rate of five percent per annum and post-judgment collection expenses; however, these amounts have not yet been established. (Doc. 16-1 at 7.)

(Doc. 15.)

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff may thereafter apply for a default judgment. Fed. R. Civ. P. 55(b). The Court may conduct hearings when necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." *Id.* "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." *Id.*

## III. Discussion

Neither Defendant has appeared personally or by a representative, and there is no indication that either is a minor or incompetent person. Defendants have failed to answer or otherwise defend against this action, and the deadline for doing so has expired. Plaintiff has submitted affidavits and attached exhibits showing Defendants' default. (Doc. 14; Doc. 16-1 at 2-7.)

Plaintiff seeks a sum of $248,918.97 based upon Defendants' obligations under the Dealer Agreement and Plaintiff's attorney's fees and costs, as set forth above. In support of this request, Plaintiff submits the Dealer Agreement containing the terms to which Defendants agreed that obligate them to pay these sums, as well as supporting documentation for the expenses it claims in connection with the Dealer Agreement. Plaintiff also submits an affidavit of attorneys' fees, a calculation of interest owed as of June 14, 2022, and an affidavit of costs.

The Court finds that a hearing is unnecessary and will enter default judgment in favor of Plaintiff and against Defendants in the amount of $237,221.53, reflecting the

sums owed pursuant to the Dealer Agreement and not including the amounts sought by Plaintiff for attorney's fees and costs. If Plaintiff seeks costs and attorney's fees, it may file a bill of costs to be taxed by the Clerk of Court and a motion for attorney's fees, pursuant to Federal Rule of Civil Procedure 54 and LRCiv 54.1 and 54.2.

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 16) is **granted**. Default Judgment is hereby entered in favor of Plaintiff Brad Hall & Associates Inc. and against Defendants Mohamed Elkotb and Tucson Chevron Gas, LLC, in the amount of **$237,221.53**. The Clerk of Court is directed to enter final judgment accordingly and close this case.

Dated this 30th day of June, 2022.

_____
Honorable Rosemary Márquez
United States District Judge