**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brad Hall & Associates Incorporated, | No. CV-22-00155-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Mohamed Elkotb, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. (Doc. 19.) On July 1, 2022, the Court entered default judgment in favor of Plaintiff Brad Hall and Associates, Inc. ("BHA") and against Defendants Mohamed Elkotb and Tucson Chevron Gas, LLC in the amount of $237,221.53. (Docs. 17, 18.) BHA now seeks an Order awarding it a total amount of $17,373.60 in attorneys' fees, legal research costs, taxable costs, and related non-taxable expenses. (Doc. 19.) No response to the Motion for Attorneys' Fees and Costs has been filed.

**I.    Background**

In its July 1, 2022 Order granting default judgment in favor of Plaintiff, the Court found that Defendants entered into a Dealer Agreement with Plaintiff effective September 26, 2017, pursuant to which Plaintiff became Tucson Chevron's exclusive Chevron-branded fuel supplier for Tucson Chevron's gas station located at 1570 W.

Grant Rd., Tucson, AZ, 85745. (Doc. 17.) Upon Tucson Chevron's termination of the Dealer Agreement on January 28, 2022, Defendants became responsible for paying Plaintiff money due under the Dealer Agreement, pursuant to which the Court ordered payment in the amount of $237,221.53. (*Id.*)

As part of the Dealer Agreement, both Defendants entered into a Guaranty. (*See* Doc. 19-1 at 7-8.) Defendants each agreed to pay Plaintiff "any and all expenses of collection" under the Guarantees and of items guaranteed, "including but not limited to court costs and reasonable attorney's fees." (*Id.* at 7, ¶ 2.) Under the Guarantees, Defendants "guarantee prompt and complete payment" to BHA "of all monies due" to Plaintiff "for sales on open accounts or contractual indebtedness, notes or other indebtedness . . . by, to or due to [Plaintiff] from time to time and at all times hereafter, whether now owed or hereafter due to [Plaintiff] without limitation as to amounts." (*Id.* at 7, ¶ 1.) Plaintiff was represented by attorneys Douglas C. Northrup and Taylor Burgoon of Fennemore Craig, P.C. (*See* Doc. 19.)

## II.     Applicable Law

"In a diversity case, the availability of attorney' fees is governed by state law." *Creative Artists Agency LLC v. Rodriguez*, No. CV-17-00404-TUC-DCB, 2018 WL 10399873, at *1 (D. Ariz. Jan. 22, 2018) (citing *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985)). "Where a contract provides for an award of fees to the prevailing party, Arizona law requires the Court to honor that provision and award fees as stipulated in the agreement." *Nat'l Bank of Ariz. v. Munn*, No. CV-10-1118-PHX-NVW, 2010 WL 5067697, at *1 (D. Ariz. Dec. 7, 2010) (citing *McDowell Mountain Ranch Comm. Assoc. v. Simons*, 216 Ariz. 266, 269 (App. 2007) (noting that it is "well-settled in Arizona that '[c]ontracts for payment of attorneys' fees are enforced in accordance with the terms of the contract'"); *see also Bennett v. Appaloosa Horse Club*, 201 Ariz. 372, 378 (App. 2001) ("The awarding of attorneys' fees to a prevailing party pursuant to a contract between the parties is mandatory.") (internal citation omitted).[1]

---

[1] Although Local Rule of Civil Procedure 54.2 sets forth the requirements for claims for attorneys' fees and related non-taxable expenses, the Rule does not apply to a Motion for

As the Court previously determined in its Order granting default judgment to Plaintiff, Defendants are responsible for paying Plaintiff money owed pursuant to the Dealer Agreement. (Doc. 17.) Thus, Plaintiff is contractually entitled to recover reasonable attorneys' fees and court costs.

"[I]n corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case. Thus, the affidavit submitted in connection with an application for fees must indicate the agreed upon hourly billing rate between the lawyer and the client for the services performed in connection with the [litigation]." *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187–88 (App. 1983). The prevailing party is "entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful appeal." *China Doll*, 138 Ariz. at 188 (internal quotations and citation omitted).

In support of its Motion for Attorneys' Fees, Plaintiff submits a Statement of Fees showing that it incurred $15,565.00 in attorneys' fees in obtaining default judgment against Defendants. (Doc. 19-1 at 40-43.) Plaintiff also submits a Declaration by Taylor Burgoon, the associate attorney who performed most of the work on the case. (*Id.* at 34-38). Ms. Burgoon's Declaration indicates that Ms. Burgoon charges fees of $350 per hour, attorney Douglas C. Northrup charges fees of $625 per hour, and paralegal Jessica Tineo charges fees of $250 per hour. (*Id.*) The Declaration provides additional information regarding the attorneys' background, training, and experience, and avers that all of the time spent by the attorneys was reasonably and necessarily incurred. (*Id.*)

Plaintiff's attorneys' fees were incurred in performing legal services in connection with obtaining default judgment in this matter, including (1) preparing the Complaint; (2) preparing an offer of settlement; (3) completing service of process; (4) preparing the

---

Attorneys' Fees filed after the entry of default judgment. *See* LRCiv 54.2(a).

application for default and affidavit; (5) preparing the application for entry of default judgment and accompanying affidavit and exhibits; and (7) preparing the Motion for Attorneys' Fees and accompanying exhibits. (Doc. 19 at 6-7.) Plaintiff provides a detailed breakdown of the services performed in connection with this matter and the accompanying hourly rates of the individuals who completed them. (Doc. 19-1 at 40-41.) Counsel for Plaintiff avers that, to save costs, associate attorney Taylor Burgoon took the lead in preparing pleadings and filings and Mr. Northrup's role was limited to reviewing those filings and engaging in initial discussions with Defendants. (*Id.* at 7.) Having considered the ability, training, experience, skill, and professional standing of Plaintiff's counsel, the nature of the work performed, the time required to perform the work, and the results obtained, the Court finds that the rates and amounts charged are reasonable and necessary.[2]

Plaintiff also seeks an award of the non-taxable costs related to obtaining default judgment in this matter. (Doc. 20); *see* Fed. R. Civ. P. 54(d)(2)(A). Plaintiff seeks $116.00 for the cost of hiring a private investigator to locate Defendants' address in order to effect service, which the Court finds was a necessary expense to obtain default judgment.[3] (*See* Doc. 20-1; Doc. 19-1 at 38, 43.) Because Defendants agreed as part of the Dealer Agreement to pay Plaintiff "any and all expenses of collection . . . including but not limited to court costs and reasonable attorneys' fees" (Doc. 19-1 at 7), Plaintiff is contractually entitled to recover its costs associated with obtaining default judgment. The Court will grant the award of non-taxable costs.

. . . .

. . . .

. . . .

. . . .

---

[2] Plaintiff seeks an additional $829.00 for computerized legal research, which is recoverable as an element of an award for attorneys' fees. See *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 403-4 (1999).

[3] Plaintiff avers that it unsuccessfully attempted service via a process server four times before hiring the private investigator. (Doc. 19 at 9.)

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 19) is **granted**. Plaintiff shall be awarded the following amounts in connection with the attorneys' fees and non-taxable costs incurred associated with this matter:

(1) Attorneys' fees in the amount of **$16,394.00**, and

(2) Non-taxable costs in the amount of **$116.00**.

Dated this 3rd day of August, 2022.

_____
Honorable Rosemary Márquez
United States District Judge